# LEVIN & ZEIGER LLP
*ATTORNEYS AT LAW*

---

TWO PENN CENTER
1500 JFK BOULEVARD
SUITE 620
PHILADELPHIA, PA 19102
VOICE. 215 825 5183
FAX 215.279 8702

November 4, 2019

The Honorable David R. Strawbridge
via email: Strawbridge_Chambers@paed.uscourts.gov

**RE: USA v. Arena, 19-638**

Your Honor:

I am writing today at your request for a brief on pretrial detention for the Defendant. Please accept this letter brief in lieu of a more formal pleading.

The question is whether this Court has jurisdiction over the instant matter to conduct a detention hearing. The government brought a detention motion under:

> 18 U.S.C.A. § 3142
>
> [...]
>
> **(f) Detention hearing.**--The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community--
> **(1)** upon motion of the attorney for the Government, in a case that involves--
> **(A)** a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> **(B)** an offense for which the maximum sentence is life imprisonment or death;
> **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
> **(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this

## LEVIN & ZEIGER LLP
*ATTORNEYS AT LAW*

Two Penn Center
1500 JFK Boulevard
Suite 620
Philadelphia, PA 19102
voice 215 825 5183
fax 215 279 8702

paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
(E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or
(2) upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves--
(A) a serious risk that such person will flee; or
(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The government made no argument the instant matter is included in the enumerated list under section (f)(1); rather, under (f)(2)(B) that the defendant would pose "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

The Defendant is charged with five counts in violation of 18 U.S.C. § 1001 (a)(2) False Statements to Government Officials. The witnesses for the government are all FBI agents, and certainly the government cannot possibly suggest the defendant could intimidate the agents assigned to the case. The crux of the prosecutor's argument is one of the false statements pertains to the Defendant being a member of a hate group, so a civilian witness might be needed to corroborate this fact. The government's position is there is a possibility the Defendant could intimidate this witness if released. However, the government presented no actual evidence of this potential intimidation on the record through testimony.

Later in the proceeding, the Court asked for a brief on the law of 3142(f)(2)(B). In *USA v. Zaccaria*, 347 Fed.Appx. 984 (5th Cir. 2009), where the Defendant was not charged with any of the enumerated offenses listed in 31422(f)(2)(A), the appellate court held the district court could not issue detention because the court had no jurisdiction under 3142(f)(1). The matter was remanded with an order to release the defendant. This Circuit recognized the same principal of law in *United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986). More relevant to the proceeding before Your Honor, the First Circuit in a published opinion addressed the issue of witness intimidation under 3142(f)(2)(B), in *United States v. Ploof*, 851 F.2d 7, 12 (1st Cir. 1988). The First Circuit held if the basis of the government's request for detention is under 3142(f)(2) related to witness intimidation, the government must present specific evidence of

# LEVIN & ZEIGER LLP
*ATTORNEYS AT LAW*

Two Penn Center
1500 JFK Boulevard
Suite 620
Philadelphia, PA 19102
Voice 215 825 5183
Fax 215.279 8702

witness intimidation and the Court must state on the record the specific intimidation for which the court is relying in ordering detention.

Multiple other courts have faced similar issues. In *USA v Giordano*, 370 F.Supp.2d 1256 (S.D. Fla. 2005), the Magistrate held the offenses charged did not meet any of enumerated offenses from 3142(f)(1), and therefore only allowed the government to make a detention argument under 3142(f)(2)(A); however, the argument here turned on flight not intimidation. In *USA v Morgan*, 2014 WL 3375028 (Ill. C.D. 2014), the Magistrate went through the analysis under 3142(f)(1) & (f)(2) and found the government could not ask for detention under either section. As a matter of law, the Court could not detain the defendant because none of the offenses were in the enumerated portion of the statute, there was no risk of flight, and there was no evidence of intimidation of a witness. *See also United States v. Twine*, 344 F.3d 987 (9th Cir. 2003); *United States v. Singleton*, 182 F3d 7, 9 (D.C. Cir. 1999); *United States v. Byrd*, 969 F.2d 106 (5th Cir. 1992); *United States v. Friedman*, 837 F.2d 48 (2d Cir. 1988); *United States v. Demmler*, 523 F.Supp.2d 677 (S.D. Ohio, E.D. 2007); *United States v. Lozano*, 2009 WL 3834081 (M.D. Ala. 2009);

In the case before this Court, the government must show this court specifically who they claim the Defendant would intimidate through live testimony. The Defendant asks for an evidentiary hearing under the *Ploof* analysis as cited *supra*. If this Court does not find any competent evidence of witness intimidation or the potential for witness intimidation, the Court would not have the power to detain the Defendant under 3142, and should order the Defendant released.

Kind Regards,

*Brian J. Zeiger*

Brian J. Zeiger, Esquire

cc: Joe LaBar, AUSA, *joseph.labar@usdoj.gov*