IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | 19-638-1 |
| | : | |
| FRED ARENA | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Through counsel, the Defendant files the following Sentencing Memorandum setting forth all factors this Honorable Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. 3553(a).

**I.  THE NATURE AND CIRCUMSTANCES OF THE OFFENSE**

On December 10, 2019, Defendant Fred Arena, pled guilty to counts 1 through 5 of the indictment, pursuant to a written plea agreement, that is false statements to government officials, in violation of 18 U.S.C. § 1001(a)(2).

**II.  DEFENDANT'S BACKGROUND**

Mr. Arena agrees with the government that he has no criminal history. This matter is his first contact with law enforcement.

Accordingly, under USSG Chapter 5, Part A, Mr. Arena is in a criminal history category of I.

**III.  ARENA'S PERSONAL BACKGROUND AND CHARACTERISTICS**

Mr. Arena is a lifelong resident of the southern part of New Jersey. He has no children. As a child he witnessed his father commit suicide. His mother became involved

in a new relationship after his father's passing and had two children with her new husband. Mr. Arena reports his step-father was a drug addict. Mr. Arena reports he acted as a father figure to his half-siblings. Mr. Arena has no history of drug or alcohol abuse.

Mr. Arena has worked various jobs in as a laborer, more specifically as an environmental engineer. Mr. Arena had worked as an environmental engineer at the Philadelphia Navy Yard for approximately two years before this case. Mr. Arena's security clearance for that job is the subject matter of the instant case.

Mr. Arena admits he fell behind on car payments and the lending company repossessed his truck. Mr. Arena admits his involvement in a white supremacist group, but denies he was actively involved in any violent behavior related to his membership. Mr. Arena admits he lied on his government security clearance application and later to agents. However, Mr. Arena has since disavowed all relations with any white supremacist groups.

## IV.   SENTENCING GUIDELINE CALCULATION IN THE PRE-SENTENCE REPORT

According to the pre-sentence report, Mr. Arena is in a criminal history category of I, and has a final offense level of 4. This sets a presumptive guideline range of 0-6 months. Underlying this calculation, the pre-sentence report assumes a base level of 6, with a 2 level reduction for his timely acceptance of responsibility.

## VII.   MISCELLANEOUS

### A. Commentary on the Government's Sentencing Memorandum

The government mentioned in their sentencing memorandum the underlying conduct for one part of Mr. Arena's indictment was his involvement in a white supremacist group. The government elaborates on this point for several pages and

attached several exhibits on this point. The Court should give this information little to no weight when determining sentencing because while that conduct might be distasteful the conduct is not illegal. Surely, if any of the conduct was unlawful the government would have indicted Mr. Arena on more charges, or alternatively sought to increase the guideline calculation with a request for an upward variance, upward departure or assert relevant conduct. The government did not attempt to increase the guideline calculation because they knew the conduct does not allow for a guideline increase due to an exercise of speech. Accordingly, this Court, when contemplating a sentence, should not consider the subject matter of the misstatements on Mr. Arena's security clearance. Instead this Court should sentence him based on his conduct giving rise to the indictment—lying on the application.

The government gave no reason to support their position that this Court should give a top of the range sentence. The government did not present any facts to show Mr. Arena was personally involved in any violence related to his membership in any hate group, or that the lie on his security clearance was for any reason other than having a steady job.

**B. This Court should be aware of Mr. Arena's custodial status and time credit.**

At the time of arraignment, the Court granted the government's request for detention. The marshals took Mr. Arena into custody on October 25, 2019. Mr. Arena has remained in custody since October 25, 2019.

The government is asking for a sentence at the top of the range—six months. If this Court were to sentence Mr. Arena to six months, the Bureau of Prisons would release him from custody on approximately April 25, 2020.

3

On the date of the sentencing Mr. Arena will have been in custody for 111 days. Mr. Arena respectfully requests a sentence of time served.

## VIII. CONCLUSION

While distasteful, Mr. Arena's membership in a white supremacist group was not illegal and the law does not call for any increase in sentence due to his membership in the group. Mr. Arena asks this Honorable Court to give him a time in sentencing.

                                                    Respectfully Submitted

Dated: February 11, 2020                        s/ Brian J. Zeiger, Esquire
                                                            Brian J. Zeiger, Esquire
                                                            Levin & Zeiger LLP
                                                            Identification No.: 87063
                                                           1500 JFK Blvd Suite 620
                                                           Philadelphia, PA 19102
                                                           215-546-0340

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant's Sentencing Memorandum has been served via email to:

Joseph A. Labar, AUSA
Assistant United States Attorney

                                                      Respectfully Submitted

Dated: February 11, 2020                  s/ Brian J. Zeiger, Esquire
                                                                 Brian J. Zeiger, Esquire
                                                                 Levin & Zeiger LLP
                                                                 Identification No.: 87063
                                                                 1500 JFK Blvd Suite 620
                                                                 Philadelphia, PA 19102
                                                                 215-546-0340